# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| IN RE THE TRUANCY OF: | No. 50380-8-II |
| K.A.H., | |
| Appellant. | UNPUBLISHED OPINION |

SUTTON, J. — KAH. appeals from a truancy order. He argues that (1) the superior court lacked personal jurisdiction over him because he was not properly served with the truancy petition as required under RCW 28A.225.030(5),[1] and (2) the Chimacum School District (School District) failed to prove the allegations that the School District's actions were not successful in reducing KAH's absences from school or that court intervention and supervision were necessary. KAH also argues that although the truancy order has been dismissed and this appeal is technically moot, we should address the petition due to the potential future consequences. We hold that the appeal is moot. Accordingly, we dismiss this appeal.

## FACTS

KAH attended eighth grade at Chimacum Middle School during the 2016-2017 school year. By December 2016, KAH was having attendance issues that continued into March 2017.

---

[1] The legislature amended RCW 28A.225.030 in 2017, effective July 23, 2017. Laws of 2017, ch. 291 § 6. Because these amendments did not change subsection (5), we cite to the current version of the statute.

On March 6, after KAH's guardian failed to respond to the three notices sent by the school, the School District filed a truancy petition in the Jefferson County Superior Court.

The declaration of mailing stated that the School District had mailed the truancy petition and notice of hearing to KAH and his guardian on March 7. The declaration of mailing also stated that the truancy petition and notice were "deposited in the mails of the United States of America." Clerk's Papers (CP) at 20. The declaration did not state that the truancy petition and notice of hearing were sent by certified mail.

During the subsequent hearings on this matter, KAH's counsel raised service issues and presented evidence that KAH's attendance had improved after the truancy petition had been filed and certain issues had been addressed by the school. The superior court refused to dismiss the petition based on lack of personal jurisdiction or any procedural basis. The court found by a preponderance of the evidence that (1) although KAH's attendance had improved, KAH had failed to attend school as required, and (2) the school's attempts to address the attendance issues before the truancy petition was filed had been unsuccessful.

In an April 13 order, the court "assume[d] jurisdiction over the truancy of [KAH] . . . until written order or [his] 18th birthday," and ordered KAH "to attend school on a regular basis . . . as directed by the school district and have no unexcused absences, tardies or conduct resulting in suspension." CP at 14. In its April 13 order, the court also ordered KAH's guardian "to use reasonable diligence to ensure that [KAH] attends school as required by this order." CP at 14.

On June 27, 2017, upon the School District's motion for dismissal at the end of the 2016-2017 school year, the superior court dismissed the truancy. KAH appeals the April 13 truancy order.

ANALYSIS

KAH argues that (1) the superior court erred when it found that KAH had been properly served, and (2) because his attendance had improved before the April 13 hearing, the School District failed to prove the truancy. The School District asserts that these issues are moot because the underlying truancy order for the school year has been dismissed. We agree with the School District.

Without citation to any authority, KAH suggests that although the truancy order was dismissed, this appeal is not moot because there may be continuing consequences since the truancy order could be "considered if any future juvenile proceedings are initiated." He also asserts, without argument, that the issues in this case involve matters of continuing, substantial public interest. Because KAH does not support his assertion that the April 13 truancy order could be considered at future juvenile proceedings and fails to present any argument establishing that these issues are matters of continuing, substantial public interest, we hold that this appeal is moot. *See Sherry v. Fin. Indem. Co.*, 160 Wn.2d 611, 615 n.1, 160 P.3d 31 (2007) (declining to consider facts stated in the brief but not supported by record).

Generally, a case is moot if this court cannot provide any effective relief. *City of Sequim v. Malkasian*, 157 Wn.2d 251, 259, 138 P.3d 943 (2006). But a matter is not moot if "collateral consequences flow from" the court's decision. *In re the Detention of M.K.*, 168 Wn. App. 621, 626, 279 P.3d 897 (2012) (holding that an individual's release from detention following an involuntary civil commitment does not render an appeal moot because a prior civil commitment can be considered in a later commitment proceeding). KAH does not cite, nor can we find, any authority establishing that a prior truancy order can be "considered" at any subsequent proceeding.

Nor does the record contain any documentation supporting KAH's assertion. Thus, we hold that this appeal is moot.

We may, however, consider an otherwise moot issue when the issues "involve[ ] matters of continuing and substantial public interest." *Thomas v. Lehman*, 138 Wn. App. 618, 622, 158 P.3d 86 (2007). We apply a three-part test to determine whether an issue involves continuing and substantial public interest: "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur." *Thomas*, 138 Wn. App. at 622. KAH addresses none of these factors; he makes only a bare assertion that this case involves matters of continuing substantial public interest. Accordingly, he fails to carry his burden of establishing that we should consider these moot issues.

Additionally, even if KAH were to have addressed the factors, the issues in this case do not qualify as matters of continuing and substantial public interest. As to the service issue, the Jefferson County Superior Court rules now require personal service of truancy petitions, so there is no need for an authoritative determination on the application of the former service rules, nor is it likely that the same issue will recur. *See* Jefferson County Juvenile and Family Court Services Policy 5.1(B)(5) at Br. of Respondent, Attach. A. As to the sufficiency issue, that issue is of a private, rather than public, nature. And, because of the fact specific and private nature of the issue, examination of this issue is unlikely to provide for future guidance, or that this specific issue will recur.

No. 50380-8-II

Accordingly, we hold that this appeal is moot, and we dismiss this appeal.[2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.

---

[2] "'When an appeal is moot, it should be dismissed.'" *State v. Deskins*, 180 Wn.2d 68, 80, 322 P.3d 780, 786 (2014) *(quoting Klickitat County Citizens Against Imported Waste v. Klickitat County,* 122 Wn.2d 619, 631, 860 P.2d 390, 866 P.2d 1256 (1993)).